## 22892.  BRYANT v. THE STATE.

Decided April 5, 1933.

*D. W. Mitchell,* for plaintiff in error.

*John C. Mitchell,* solicitor-general, contra.

GUERRY, J.  The defendant, Jim Bryant, was convicted of the offense of possessing an apparatus used for manufacturing intoxicating liquors, and assigns error on the overruling of his motion for a new trial.  The evidence disclosed that the officer found the distilling apparatus and several barrels of beer in a smoke-house which was thirty to fifty feet from and belonged to a dwelling house where the defendant and one Herron and family lived.  Had the evidence stopped there, it would not, under numerous decisions, have been sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, because there was some evidence that Herron had equal access to the smoke-house.  But the evidence further showed that the defendant not only lived on the place, but as landlord he was in charge of the place and rented to Herron; that Herron worked defendant's stock on the place; that defendant admitted that he was using the smoke-house and had some canned fruit in there; that defendant admitted that he owned one of the barrels, stated that the beer was good, and went and got a dipper and took a drink of the beer; and that when the officer said to the defendant, "Jim, this looks pretty bad on you," he said, "Yes, you've caught me."

The two special grounds of the motion for a new trial complain of excerpts from the charge which instructed the jury, in substance, that the possession of land where croppers live remains in the landlord; and that it shall be unlawful for any corporation, firm, or individual to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for manufacturing intoxicating liquors, and that when such apparatus is discovered the burden of proof is upon the person in actual possession to show want of knowledge of the existence of such apparatus on his premises.

Under the facts of this case neither ground furnishes cause for a new trial.

The evidence authorized the verdict, no reversible error of law is shown, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*